UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY WASHINGTON

VERSUS

EAST BATON ROUGE PARISH
SCHOOL BOARD

CIVIL ACTION

NO.21-00192-BAJ-RLB

RULING AND ORDER

Before the Court are **Defendant's Motion in Limine (Doc. 36)**, **Plaintiff's Motion in Limine (Doc. 37)**, and **Defendant's Supplemental Motion in Limine (Doc. 52).**[1] The Motions are all opposed. (Docs. 41, 43, 59). For the reasons stated herein, Defendant's Motion is granted in part and denied in part, Plaintiff's Motion is denied, and Defendant's Supplemental Motion is denied.

I.     BACKGROUND

This is an employment discrimination case. Plaintiff's Supplemental, Amending, and Restated Petition alleges that Defendant East Baton Rouge Parish School Board ("the School Board") by and through its agents and employees, Principal Karen Triche and Assistant Principal ("AP") Robert Wells, harassed him based on his age, retaliated against him for opposing unlawful age-based discrimination, and ultimately constructively discharged him due to his age (over 40 years old) in

---

[1] The Court notes that Plaintiff objects to Defendant's Supplemental Motion in Limine because it was filed 144 days after the Motion in Limine deadline. (*See* Doc. 59 at pp. 1–2). However, considering that the Motion in Limine deadline elapsed before the Court issued its Ruling on Defendant's dispositive motion, Defendant's late filing is excused.

violation of the Age Discrimination in Employment Act (ADEA) and the Louisiana Employment Discrimination Law (LEDL). (*See* Doc. 6 at p. 4). On December 19, 2022, the Court granted in part the School Board's Motion for Summary Judgment (Doc. 22), and, except for the age-based discrimination claim, dismissed all of Plaintiff's claims. (*See* Doc. 51 at p. 28–29).

## II.    LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

## III.    DISCUSSION

Before addressing the Parties' motions, the Court notes that ADEA imposes time limits on persons asserting claims.[2] "In Louisiana, a Plaintiff has 300 days from

---

[2] In a previous ruling, the Court satisfied itself that Plaintiff's age-based discrimination claim is timely under LEDL's one-year prescriptive period. (*See* Doc. 51 at pp. 16–17).

the date of the alleged discriminatory conduct to file a charge of discrimination with

the EEOC." *See Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech.*

*Coll.*, 55 F. Supp. 3d 864, 874 (citing *Janmeja v. Bd. of Supervisors of La. State Univ.*

*& Agric. & Mech. College*, 96 Fed. Appx. 212, 214 (5th Cir. 2004)). Thus, under ADEA,

any alleged discriminatory conduct occurring or claims arising prior to 300 days of

filing are time-barred and cannot form the basis for Plaintiff's age-based

discrimination claim. *See id.* Plaintiff filed his charge of discrimination on July 23,

2020. (*See* Doc. 51 at p. 14–16). Accordingly, conduct or claims that occurred or arose

prior to September 27, 2019 are time-barred.

Plaintiff, however, argues that evidence that would otherwise be barred by

ADEA's 300-day limit remains admissible because it "clearly evinces an age-based

discriminatory bias." (*See* Doc. 59 at p. 5). He cites decisions by the U.S. Supreme

Court and the U.S. Court of Appeals for the Fifth Circuit to support his argument

that comments or conduct that occurred *years* before a challenged employment

decision are nonetheless admissible at trial. *See id.*

After reviewing the cases, the Court concludes that Plaintiff has

mischaracterized them. For example, Plaintiff claims that in *Reeves v. Sanderson*

*Plumbing Products, Inc.*, "it did not matter that the [age-based comments] were

attenuated or had been made even years earlier. The comments nonetheless served

as evidence, in the court's view, of the discriminatory decision to fire the plaintiff

[that occurred] much later." (*See* Doc. 59 at p. 5) (*citing Reeves v. Sanderson Plumbing*

*Products, Inc.*, 530 U.S. 133 (2000)). But contrary to what Plaintiff represents, the

age-based comments did not occur years before the employee was fired, but *two months* before. *See* Brief for Respondent at 17, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) (No. 99-536), 2000 WL 135161, at *17 ("According to Petitioner's own testimony, these two statements were made to him 'about two months before I was dismissed.'").

Similarly, in *Palasota v. Haggar Clothing Co.*, the age-based comments were made in "late 1995," and the employee was fired in May 1996. *See* 342 F.3d 569, 571, 573 (5th Cir. 2003). Finally, in *Rachid v. Jack In The Box*, the exact dates of the discriminatory comments were not provided. *See generally* 376 F.3d 305 (5th Cir. 2004). Instead, the Fifth Circuit noted that the employee's manager "repeatedly made ageist comments to and about [the employee]," and that a rational finder of fact could conclude that age played a role in the employee's termination. *Rachid*, 376 F.3d at 315–16.

Although the Fifth Circuit has held that "age-related remarks are appropriately taken into account when analyzing the evidence…even where the comment is not in the direct context of the termination," this is a far cry from admitting at trial evidence that is time-barred under ADEA. *Palasota*, 342 F.3d at 578. Instead, the Circuit's holding is better characterized as a relaxation of the requirement that a comment be "proximate in time to the termination," so long as the comment is not the *only* evidence of age discrimination. *See id.* at 576–77 ("so long as remarks are not the only evidence of pretext, they are probative of discriminatory intent").

In sum, the Court sees nothing to support setting aside ADEA's 300-day limit when considering the evidence that will be admissible at trial.

### A. Defendant's Motion in Limine

Defendant's Motion in Limine contains 9 discreet Motions in Limine labelled A through I. (Doc. 36-1).

### i. Motion in Limine A

In Motion in Limine A, Defendant seeks to exclude any argument or evidence that Plaintiff was denied a promotion or pay in 2018, 2019, or 2020 because of his age. Specifically, Defendant asserts that arguments, evidence, and documents relating to Plaintiff's allegations that he was: 1) denied the position of head boys track and field coach in 2018, 2019, and 2020; 2) initially denied a two percent stipend of base pay for work he completed in July 2019; and 3) not reimbursed for a work-related trip in December 2019 should be excluded from trial because Plaintiff did not allege claims for failure to promote, disparate treatment, or unpaid wages. (*See* Doc. 36-1 at p. 3). Defendant argues that absent such claims, Plaintiff's allegations regarding denial of promotion or pay "are irrelevant to the issues triable by the jury." (*See* Doc. 36-1 at p. 4). In response, Plaintiff contends that "the employment actions associated with the boy's track and field coaching position, stipend, and reimbursement [are] evidence of a hostile work environment based on age," and thus relevant to Plaintiff's age-based harassment claim. (*See* Doc. 41 at pp. 2–3).

On December 19, 2022, the Court dismissed Plaintiff's age-based harassment claim with prejudice, thus mooting Plaintiff's argument against Motion in Limine A.

(*See* Doc. 51 at p. 28). Nevertheless, the Court has considered whether Plaintiff's allegations regarding promotion and pay in 2018, 2019, and 2020 are relevant to his constructive discharge claim and concludes they are not. Many of these events are time-barred under ADEA and cannot form the basis of Plaintiff's constructive discharge claim. *See* 42 U.S.C. § 2000e-5(e)(1); *Minnis*, 55 F. Supp. 3d at 874. Furthermore, these events are not relevant to the factors courts consider when assessing a constructive discharge claim. *See Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994) ("Whether a reasonable employee would feel compelled to resign depends on the facts of each case, but we consider the following factors relevant, singly or in combination: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement on terms that would make the employee worse off whether the offer was accepted or not.").

Accordingly, Motion in Limine A is granted. Plaintiff shall not introduce evidence or argument regarding his allegations that he was denied promotion or pay in 2018, 2019, or 2020 at trial. Furthermore, Bates Labeled Exhibit-001, Bates Labeled Exhibit 2 - 001–002, and Bates Labeled Exhibit 4 - 001–002 are excluded from use at trial.

### ii.  Motion in Limine B

In Motion in Limine B, Defendant seeks to exclude any argument or evidence

that the Tara High School football team was forced to vacate wins during the 2019 season because of an error by Barry Jackson. (*See* Doc. 36-1 at p. 5). Defendant argues that as the head of the football program, Plaintiff, not Barry Jackson, was responsible for Tara High School's forfeitures of the wins. (*See* Doc. 36-1 at p. 5). Furthermore, Defendant maintains that "it is undisputed that Plaintiff was not removed from his position as head coach of the football team solely because of his win-loss record," and thus the error by Barry Jackson "is not relevant to the claims triable before the jury." *See id.*

In response, Plaintiff points out that Defendant itself has made Plaintiff's win-loss record relevant by "contending throughout these proceedings that [Plaintiff's] win/loss record was a legitimate, non-discriminatory/retaliatory basis for removing him as head football coach." (*See* Doc. 41 at p. 4). The Court agrees. Defendant has consistently maintained that Plaintiff's "abysmal" win/loss record contributed to Defendant's legitimate non-discriminatory reason for removing him as head football coach. (*See* Doc. 22-1 at pp. 12–13; Doc. 34 at pp. 6–7). After raising Plaintiff's win/loss record as a defense, Defendant cannot now assert that argument or evidence regarding the win/loss record is irrelevant to Plaintiff's claims and thus excludable at trial. Consequently, Motion in Limine B is denied.

### iii.  Motion in Limine C

In Motion in Limine C, Defendant seeks to exclude any argument or evidence that Plaintiff's assignment to teach the Journeys to Careers course in 2018 was a means to force him into retirement. (*See* Doc. 36-1 at p. 7). Defendant argues that

7

"Plaintiff has not offered any evidence to connect his placement in the Journeys to Careers course with his retirement or his removal as head football coach." *See id.* In response, Plaintiff offers testimonial evidence that the Journeys to Careers course was "commonly known to be taught by individuals about to retire," and that by assigning the course to Plaintiff, Defendant was "trying to get rid of [him]." (*See* Doc. 41 at pp. 6–7).

Even assuming, *arguendo*, that by assigning Plaintiff to teach Journeys to Careers Defendant evinced its age-based animus towards Plaintiff, this evidence is not admissible at trial because it is time-barred. Accordingly, Motion in Limine C is granted, and Plaintiff shall not introduce evidence or argument regarding his assignment to teach the Journeys to Careers course at trial.

### iv.  Motion in Limine D

In Motion in Limine D, Defendant seeks to exclude any argument or evidence concerning stray remarks of non-decisionmakers, including those not made at the time of any purported employment action. (*See* Doc. 36-1 at p. 7). Specifically, Defendant argues that "Plaintiff's allegations that he was subjected to disparaging remarks from Robert Wells about his age should be excluded from evidence" because they are "stray remarks which are not probative of discrimination." (*See* Doc. 36-1 at p. 8). In response, Plaintiff accuses Defendant of merely repeating the arguments made in its Motion for Summary Judgment, and maintains that AP Wells' comments are "entirely relevant, probative, and supports [his] claim that he was…fired because of his age." (*See* Doc. 41 at p. 8).

To constitute *direct* evidence of age discrimination, comments in the workplace must be: (1) related to the plaintiff's protected characteristic; (2) proximate in time to the challenged employment decision; (3) made by an individual with authority over the challenged employment decision; and (4) related to the challenged employment decision. *See Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F. 3d 473, 476 (5th Cir. 2015). However, so long as the comments are not the *only* evidence of age discrimination, they can be probative of discriminatory intent, "even where the comment[s] [are] not in the direct context of the termination and even if uttered by one other than the formal decision maker, provided that the individual is in a position to influence the decision." *See Palasota*, 342 F.3d at 577–78.

Here, the parties dispute whether AP Wells was in a position to influence Plaintiff's alleged constructive discharge. Ultimately, it will be up to the jury to decide who to believe. Having previously ruled that conduct occurring or claims arising prior to September 27, 2019 are time-barred, the Court denies Motion in Limine D to the extent it seeks to exclude comments from AP Wells that occurred after September 27, 2019.

### v.  Motion in Limine E

In Motion in Limine E, Defendant seeks to exclude any argument or reference to Defendant's size or wealth, Plaintiff's size or wealth, Defendant's ability to pay a judgment, or "any other matter promoting an inference that this is a 'David and Goliath' situation." (*See* Doc. 36-1 at p. 9). Defendant argues that "any such reference would be irrelevant," "would invite the jury to treat [Defendant] less favorably than

Plaintiff," and "would result in unfair prejudice, confusion of the issues, mislead[ing] of the jury, and cause undue delay." (*See* Doc. 36-1 at pp. 9–10).

Plaintiff agrees that "evidence related to whether or not taxpayer monies are and/or would be involved depending upon the outcome of the jury's decision should be excluded." (*See* Doc. 41 at p. 8). He also agrees that comparisons between the wealth and size of the parties, unless it is relevant to an element of a claim or defense, should be excluded at trial. (*See* Doc. 41 at p. 9). Since the parties agree that comparisons of the wealth and size of the parties and references to taxpayer monies should be excluded at trial, such element of Motion in Limine E is denied as moot.

Otherwise, Plaintiff argues that his status as a former teacher and Defendant's status as a political subdivision "are facts that cannot and should not be excluded." *See id.* The Court agrees that Plaintiff's status as a former teacher is a critical fact in this suit and should not be excluded. However, currently, the Court has no way of knowing what testimony at trial could make Defendant's status as a political subdivision relevant. "[E]videntiary rulings…should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, No. C.A. C-04-552, 2008 WL 2966006 (S.D. Tex. July 30, 2008). Accordingly, such element of Motion in Limine E is also denied.

Finally, Plaintiff asserts that evidence of his lost wages and medical expenses are admissible at trial because they are available monetary remedies under ADEA and LEDL. (*See* Doc. 41 at p. 9). Absent evidence that Plaintiff failed to timely disclose a computation of his damages, the Court sees no reason to exclude this evidence at

10

this time. (*See* Fed. R. Civ. Proc. 26(a)(1)(A)(iii), 37(c)(1)). Accordingly, without

affirmatively ruling on whether lost wages and medical expenses can in fact be

awarded under ADEA and LEDL, the Court also denies such portion of Motion in E.

In sum, Motion in Limine E is denied.

### vi.  Motion in Limine F

In Motion in Limine F, Defendant seeks to exclude "argument regarding any

discovery issues and/or discovery orders by this Court. For example, arguments that

Defendant failed to produce evidence or withheld evidence would be excluded. (*See*

Doc. 36-1 at p. 10). In response, "Plaintiff submits [that] such references should not

be excluded to the extent Defendant attempts to introduce evidence not previously

produced because of objections it made during discovery." (*See* Doc. 41 at p. 9).

The Court cannot envision how discovery issues or orders will be relevant at

trial. Nonetheless, rather than exclude an entire portion of evidence without context,

the Court will defer ruling on this issue until trial. Motion in Limine F is denied

without prejudice.

### vii.  Motion in Limine G

Motion in Limine G seeks to "preclude Plaintiff from soliciting improper

opinion testimony from witnesses as to what *they* believe constitutes a 'hostile work

environment,' 'discrimination,' or 'retaliation,' on the basis that such testimony is

improper under Federal Rule of Evidence 701." (*See* Doc. 36-1 at p. 10).[3] According to

Defendant, these are all terms of art under statutes and case law, thus requiring legal

---

[3] Because Plaintiff's hostile work environment and retaliation claims were dismissed, the
Court doesn't anticipate that those terms will still be relevant at trial.

analysis to establish. *See id.* Plaintiff argues that "references to those phrases should be permitted because those are the claims at issue." (*See* Doc. 41 at p. 9).

The Fifth Circuit has instructed that "[a]lthough a witness may not give legal conclusions, an opinion is not objectionable simply because it embraces an ultimate issue for the jury's determination." *United States v. Churchwell*, 807 F.3d 107, 118 (5th Cir. 2015) (internal citations omitted). Accordingly, while lay witnesses are precluded from offering legal conclusions at trial, they can testify in support of Plaintiff's alleged *facts* of age-based discrimination and nothing more. Consequently, Motion in Limine G is granted.

### viii.   Motion in Limine H

In Motion in Limine H, Defendant seeks to exclude evidence or testimony regarding attorneys' fees or court costs because the Court, not the jury, awards them. (*See* Doc. 36-1 at p. 11). In response, Plaintiff agrees that attorney's fees and court costs are determined by the Court but maintains that he should nonetheless be permitted to present evidence of his costs. (*See* Doc. 41 at p. 10).

The Court agrees that if Plaintiff prevails on his age-based discrimination claim, evidence of his attorney fees and court costs will be instructive when the Court determines an award amount. However, such evidence is not relevant to Plaintiff's case-in-chief before the jury. Accordingly, Motion in Limine H is granted, with the caveat that Plaintiff will be permitted to provide evidence of attorney's fees and court fees to the Court should it become necessary.

### ix.  Motion in Limine I

In Motion in Limine I, Defendant seeks to exclude "documents not produced in discovery, other than those used only for rebuttal." (*See* Doc. 36-1 at p. 11). In response, Plaintiff represents that he "does not anticipate using any document not produced in discovery," except for impeachment or rebuttal purposes, in accordance with Federal Rule of Civil Procedure 26. (*See* Doc. 41 at p. 10). The Court credits Plaintiff's representation, and therefore denies Motions in Limine I as moot.

### B.  Plaintiff's Motion in Limine

Plaintiff's Motion in Limine contains 8 discreet Motions in Limine labelled 1 through 8. (Doc. 37).

### i.  Motion in Limine 1

In Motion in Limine 1, Plaintiff seeks to exclude evidence and testimony related to his prior litigation against Defendant. (*See* Doc. 37-2 at p. 2). He argues that the prior litigation is "completely irrelevant to the present case" and would "certainly confuse and mislead the jury as to the actual issues in this matter." (*See* Doc. 37-2 at p. 4). In rebuttal, Defendant argues that "Plaintiff's prior litigation demonstrates that Plaintiff understood that his head coaching position was separate and distinct from his position as teacher," and that "Plaintiff's understanding of the distinction is relevant here because Plaintiff argues [ ] that he has been constructively discharged not only from his head football coaching position, but also from his teaching position." (*See* Doc. 43 at p. 3). Defendant further argues that Plaintiff's prior lawsuit "demonstrates that he understood that his teaching position could not be

13

challenged by [Principal Karen] Triche because it was protected by the Louisiana Teacher Tenure Law." *See id.*

To prove constructive discharge, "an employee must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). Thus, the inquiry for the jury is not whether Principal Triche could in fact challenge Plaintiff's teaching position, but whether his working conditions would have compelled a reasonable employee to resign. At present, the Court cannot envision how Plaintiff's prior litigation against Defendant will be relevant to the question of Plaintiff's working conditions at Tara High School. Nonetheless, the Court will defer ruling on this issue until trial. Motion in Limine 1 is denied without prejudice.

### ii. Motion in Limine 2

In Motion in Limine 2, Plaintiff seeks to exclude "any and all evidence and/or testimony about other coaches' complaints about [him]." (*See* Doc. 37-2 at p. 4). He argues that "this evidence should be excluded because it is hearsay." *See id.* In response, Defendant avers that it will not introduce evidence and testimony about complaints that Principal Triche and AP Wells received about Plaintiff to prove the truth of the matter asserted. (*See* Doc. 43 at p. 4). Rather, it intends to use the complaints as evidence that Principal Triche had legitimate, non-discriminatory reasons for removing Plaintiff as head football coach. (*See* Doc. 43 at p. 5).

"When an employee is discharged based on complaints of other employees, the

issue is not the truth or falsity of the allegation, but whether the employer reasonably believed the employee's allegation and acted on it in good faith." *Nobles v. Cardno, Inc.*, 549 F. App'x 265, 268 (5th Cir. 2013). Thus, Defendant is allowed to introduce evidence of other employees' complaints about Plaintiff at trial, provided it otherwise adheres to the Federal Rules of Evidence when soliciting testimony about the complaints. Accordingly, Motion in Limine 2 is denied.

### iii. Motion in Limine 3

In Motion in Limine 3, Plaintiff seeks to exclude the admission of, and testimony related to, Defense exhibit "Employment File of Terry Washington," EBRPSB_000002–000004, 000027–000056, 000066–000069, 000073–000187, 000192–000226, and 000232–000332 "because they are not relevant, lack any probative value, will confuse the issues/jury, and are unduly prejudicial." (*See* Doc. 37-2 at p. 5). In response, Defendant represents that except for impeachment purposes, it does not intend to use EBRPSB_000002–000004, 000066–000069, 000073–000187, 000192–000226, and 000232–000332 at trial. The Court credits Defendant's representation, and therefore denies this part of Motion in Limine 3 as moot.

However, Defendant is opposed to the exclusion of EBRPSB_000027–000056. It argues that these exhibits are relevant, fit within the business records exception to hearsay, and contain "statements made by Plaintiff [that] are being offered against him." After reviewing EBRPSB_000027–000056, the Court agrees that it contains evidence that may be relevant at trial, that it appears to be a business record, and

that it contains statements by Plaintiff. Accordingly, this portion of Motion in Limine 3 is also denied. The Court will address Plaintiff's objections to EBRPSB_000027–000056 in the normal course at trial.

In sum, Motion in Limine 3 is denied.

### iv.  Motion in Limine 4

In Motion in Limine 4, Plaintiff seeks to exclude the admission of, and testimony related to, Defense exhibit "EBRPSS 2019 HR Boot Camp Schedule-at-a-Glance," EBRPSB_000412–000415. (*See* Doc. 37-2 at p. 7). He argues that the exhibit appears to be a chart that summarizes voluminous writings and should be excluded because none of the underlying documents were produced, as is required by Federal Rule of Evidence 1006. *See id.* Plaintiff further argues that the exhibit is not relevant and lacks probative value. In response, Defendant avers that EBRPSB_000412–000415 is not a summary chart, but a document that could be authenticated by a Defense witness at trial. (*See* Doc. 43 at p. 7). Accordingly, the Court will defer ruling on the admissibility of this document until trial. Motion in Limine 4 is denied without prejudice.

### v.  Motion in Limine 5

In Motion in Limine 5, Plaintiff seeks to exclude the admission of, and testimony related to, Defense exhibit "U.S. Equal Employment Opportunity Commission's file for Charge No. 461-2020-02235C," EBRPSB_000412–000424, 000428, 000432–000435, 000458–000471, 000495–000499, and 000458–000471 because "they are not relevant, are improper summary documents under Federal

16

Rule of Evidence 1006, and cannot be authenticated." (*See* Doc. 37-2 at p. 8). In response, Defendant represents that except for impeachment purposes, it does not intend to introduce EBRPSB_000412–000424, 000428, 000432–000435, 000458–000471, 000495–000499, and 000458–000471 at trial. The Court credits Defendant's representation, and therefore denies Motion in Limine 5 as moot.

### vi.    Motion in Limine 6

In Motion in Limine 6, Plaintiff seeks to preclude Defendant from introducing at trial any supplemental or demonstrative exhibits, blowups, or other enlargements that weren't listed in the Joint Pretrial Order. (*See* Doc. 37-2 at p. 8). In response, Defendant represents that it does not intend to use these items of evidence. (*See* Doc. 43 at p. 7). The Court credits Defendant's representation, and therefore denies Motion in Limine 6 as moot.

### vii.    Motion in Limine 7

In Motion in Limine 7, Plaintiff seeks to exclude the testimony of Defense witness Nicola Hall at trial because "Defendant failed to disclose her identity prior to the filing of the Joint Pretrial Order." (*See* Doc. 37-2 at p. 9). Plaintiff argues that Federal Rule of Civil Procedure 26 required Defendant to supplement its Initial Disclosures, including information about its intended witnesses, and that Defendant's failure to do so precludes Hall's testimony. *See id.* In response, Defendant explains that Hall's testimony would replace that of Daphne Donaldson, who was timely disclosed but no longer works for Defendant. (*See* Doc. 43 at p. 5–6). Hall is Donaldson's successor in the role of Defendant's Chief Human Resources Officer, and

Defendant represents that Hall's testimony would be limited to the same topics as Donaldson's. *See id.*

The Fifth Circuit has held that, "where the failure to disclose relevant evidence if harmless, exclusion is not required by the federal rules." *Caskey v. Man Roland, Inc.,* 83 F.3d 418, *3 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 37(c)(1)). Absent argument from Plaintiff that he will be prejudicially surprised by Hall's testimony at trial, the Court sees no need to exclude her testimony at this juncture. *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) ("Our reading of Rule 26(e)(2) and (3) is consistent with the Rule's basic purpose of preventing prejudice and surprise, neither of which occurred in the case at bar."). Should Hall's testimony stray from Defendant's representations, the Court will address objections in the ordinary course at trial. Accordingly, Motion in Limine 7 is denied.

### viii.  Motion in Limine 8

In Motion in Limine 8, Plaintiff seeks to exclude reference to taxpayer monies. Because the parties have already agreed that references to taxpayer monies should be excluded at trial, Motion in Limine 8 is denied as moot.

### C. Defendant's Supplemental Motion in Limine

Defendant's Supplemental Motion in Limine contains 5 discreet Motions in Limine labelled A through E. There is significant overlap between Defendant's first Motion in Limine and its Supplemental Motion in Limine. As such, when applicable, the Court rests on its prior rulings, and will only address the new evidentiary objections raised by Defendant.

### i.  Motions in Limine A, B, and C

Motions in Limine A, B, and C seek to exclude any argument or evidence related to Plaintiff's dismissed claims. (*See* Doc. 52-2 at pp. 3, 4, and 5). Plaintiff represents that he "does not intend to pursue claims that were dismissed by the Court." (*See* Doc. 59 at p. 2). The Court credits Plaintiff's representation and denies as moot Motions in Limine A, B, C to the extent they seek to exclude evidence of Plaintiff's dismissed claims.

Defendant also seeks to exclude Plaintiff Exhibit 10, "Letter from Terry Washington to defendant, undated," EBRPSB_000410– 000411 because Plaintiff's retaliation claim has been dismissed with prejudice. (*See* Doc. 52-2 at p. 3). Defendant argues that the exhibit is no longer relevant because it "does not include any reference that Plaintiff faced unlawful discrimination." *See id.* In response, Plaintiff argues that the exhibit is relevant because it contains evidence of his alleged constructive discharge. (*See* Doc. 59 at p. 4). After reviewing EBRPSB_000410– 000411, the Court agrees that it contains evidence that could be relevant at trial. Accordingly, Defendant's request to exclude EBRPSB_000410– 000411 from use at trial is denied.

### ii.  Motion in Limine E

In Motion in Limine E, Defendant seeks to exclude "any argument or evidence for mental pain and suffering and/or punitive damages" because they are barred under ADEA. (*See* Doc. 52-2 at p. 6). In rebuttal, Plaintiff argues that evidence of his mental pain and suffering is admissible because LEDL affords him the right to seek compensatory damages for such losses. (*See* Doc. 59 at pp. 6–7). Furthermore,

Plaintiff points out that he did not state a claim for punitive damages in his Amended Complaint, making this request meritless. *See id.* The Court agrees with Plaintiff on both points, and consequently denies Motion in Limine E.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion in Limine (Doc. 36)** be and is hereby **GRANTED IN PART** and **DENIED IN PART.** Motions in Limine A, C, G, and H are granted. In all other respects, Defendant's Motion in Limine is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion in Limine (Doc. 37)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion in Limine (Doc. 52) be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 17th day of February, 2023

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**